UNITED STATES COURT OF INTERNATIONAL TRADE

| | | |
|---|---|---|
| TRIUMPH ENGINE CONTROL SYSTEMS, LLC, | : | |
| Plaintiff, | : | |
| v. | : | Court Nos. 19-00108, 19-00109, 19-00110, and 19-00130 |
| UNITED STATES, | : | |
| Defendant | : | |

### PLAINTIFF'S MOTION TO SET ASIDE DISMISSAL AND EXTEND THE TIME TO REMAIN ON THE CUSTOMS CASE MANAGEMENT CALENDAR

Plaintiff, Triumph Engine Control Systems, LLC ("Plaintiff"), by and through undersigned counsel, hereby respectfully moves this Court, pursuant to Rules 60 and 83 of the U.S. Court of International Trade ("CIT"), to set aside the dismissal motions for the above-captioned case numbers, reinstate the instant cases to the Customs Case Management Calendar, and extend the time in which these actions may remain thereon in order to file a Motion to Suspend for the above-captioned cases under a designated test case. The time for these cases to remain on the Customs Case Management Calendar expired on June 25, 2021 for case numbers 19-00108, 19-00109, and 19-00110 and July 25, 2021 for case number 19-00130. Counsel neglected to move for the extension of time and file a Motion to Suspend the above-captioned cases in a timely fashion under a designated test case.

As the issues in the instant cases are identical to those in Triumph Engine Control Systems, LLC v. United States, case number 19-00094, which is currently in fact discovery, Plaintiff seeks to reinstate the cases to the Customs Case Management Calendar and to extend the time ninety (90) days from the date this Motion is granted. Plaintiff will then file a Motion for Test Case Designation of case number 19-00094 and a subsequent Motion for Suspension for the above-captioned cases to be placed on the CIT's Suspension Calendar. For the reasons set forth below, good cause exists for granting this Motion.

1

## FACTUAL BACKGROUND

The issues presented in the instant cases concerns the tariff classification under the Harmonized Tariff Schedule of the United States ("HTSUS") of certain printed circuit board assemblies used in aircraft controls. U.S. Customs and Border Protection ("CBP") classified the printed circuit board assemblies under HTSUS Heading 8538. Plaintiff commenced these actions under the CIT's 28 U.S.C 1581(a) jurisdiction, contesting the denials of the protests and submitting that the printed circuit board assemblies were properly classified under HTSUS Heading 9032. Specifically, case numbers 19-00108, 19-00109, and 19-00110 were initiated by the filing of a Summons on June 25, 2019, and case number 19-00130 was initiated by the filing of a Summons on July 25, 2019. Counsel for Plaintiff was notified on July 21, 2021 that case numbers 19-00108, 19-00109, 19-00110 were dismissed for lack of prosecution pursuant to Rule 83(c), and case number 19-00130 was dismissed on August 4, 2021 for the same reason. Plaintiff acted expeditiously by notifying Defendant counsel and filing this Motion. Mr. Brandon Kennedy, attorney of record for the United States, stated via email on August 9, 2021 that Defendant will defer its decision regarding this Motion to the sound discretion of the Court.

## ANALYSIS

Plaintiff's Motion under Rule 60(b) is before the CIT due to the dismissal of case numbers 19-00108, 19-00109, and 19-00110 and 19-00130 under Rule 83(c). If an action is dismissed for lack of prosecution under Rule 83(c), the CIT may, upon motion of the Plaintiff and upon just terms, "relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." CIT Rule 60(b).

In *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, the Supreme Court has designated four factors for determining when a late filing may constitute "excusable neglect." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 395 (1993). These factors include: (1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential

impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Id.* at 395. The determination of whether a late filing is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer,* 507 U.S. at 395. The Supreme Court in *Pioneer* purposely fashioned a flexible rule to determine what constitutes excusable neglect, and all factors should be weighed against one another when considering the *Pioneer* standard. *See In re Vitamins Antitrust Class Actions*, 327 F.3d 1207 (D.C. Cir. 2003).

Plaintiff meets the standard set forth in *Pioneer* to support relief from dismissal. First, Defendant would not be prejudiced if this Motion was accepted. The delay in the instant cases does not prejudice the Defendant as Plaintiff has not succeeded on the merits of the classification issue in case number 19-00094.

Second, the length of delay in this case was not great. Plaintiff filed this Motion approximately eighteen (18) days from the date of dismissal for 19-00108, 19-00109, and 19-00110, and five (5) days after dismissal for 19-00130, which is well within the one-year timeframe set out in Rule 60(c)(1). *See* Rule 60(c)(1) (stating that "a motion under Rule 60(b) must be made within a reasonable time – and for reasons [60(b)](1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding). As the issues in the instant cases are identical to those in case number 19-00094, Plaintiff intends to file a motion, requesting suspension of the above-captioned cases under test case number 19-00094 once it is designated pursuant to Rule 83(f). The length of the delay does not have a significant impact on judicial proceedings, as the cases have remained inactive while the classification of the printed circuit board assemblies is being disputed in case number 19-00094. Plaintiff intends to join the case numbers and address the classification issue under one test case (versus five separate case numbers); thus, saving the Defendant and judicial system the time and expense of conducting multiple proceedings for the same issue.

The third *Pioneer* factor refers to the specific reasons for the delay, including whether it

3

was within the reasonable control of the movant. The reason for this delay was due to internal transition of Plaintiff counsel, inadvertent oversight of the deadline, and a misunderstanding that cases had been suspended under a designated test case pursuant to CIT Rule 83. Plaintiff, however, acts in good faith, addressing the fourth *Pioneer* factor, by contacting Defendant counsel shortly after receiving the dismissal notices and filing this Motion to remedy the omission.

The CIT has considered a motion filed under Rule 60(b)(1) in *Starkey Laboratories, Inc. v. United States,* 25 C.I.T. 729 (2001) and *Starkey Laboratories, Inc. v. United States,* 25 C.I.T. 735 (2001). In both cases, the CIT dismissed Plaintiff's motions as untimely and unreasonable because they were filed approximately six years after dismissal, which is outside of the one-year timeframe set out in Rule 60(c)(1). The instant cases are distinguishable because the subject Motion is being filed immediately upon discovering the dismissal – i.e., approximately eighteen (18) days from the date of dismissal for 19-00108, 19-00109, and 19-00110, and five (5) days after dismissal for 19-00130.

## **CONCLUSION**

WHEREFORE, Plaintiff respectfully requests the Court to grant this Motion for the purpose of reinstating the above-captioned cases to the Customs Case Management Calendar and extend the time in which all of these actions may remain thereon in order for Plaintiff to file a motion to suspend the above-captioned cases under a designated test case.

                                                                                     Respectfully submitted,

                                                                                     /s/ Adrienne Braumiller
                                                                                   Adrienne Braumiller

Date: August 9, 2021                                    BRAUMILLER LAW GROUP, PLLC
                                                                                   5220 Spring Valley Road, Ste.200
                                                                                   Dallas, Texas 75254
                                                                                   Adrienne@braumillerlaw.com
                                                                                   214-348-9306

                                                                                   *Counsel for Plaintiff*

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| TRIUMPH ENGINE CONTROL SYSTEMS, LLC, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> UNITED STATES, : <br> : <br> Defendant : | Court Nos. 19-00108, <br> 19-00109, 19-00110, and <br> 19-00130 |

**ORDER TO SET ASIDE DISMISSAL AND EXTEND THE TIME TO REMAIN ON THE CUSTOMS CASE MANAGEMENT CALENDAR**

Upon review of Plaintiff's, Triumph Engine Control Systems, LLC ("Triumph"), Motion to Set Aside Dismissal and Extend the Time to Remain on the Customs Case Management Calendar, it is hereby—

**ORDERED** that the Motion be, and hereby is, GRANTED; and it is further—

**ORDERED** to set aside the dismissal of the above-captioned cases pursuant to Rule 60(b)(1); and it is further —

**ORDERED**, pursuant to Rule 83(d), that the time for the above-captioned cases to remain on the Customs Case Management Calendar be, and hereby is, extended ninety (90) days from the date this Motion is granted.  As these cases are unassigned, this Order may be signed by the Clerk of the Court in accordance with Rule 82(b)(1),

                                                          Clerk of the Court
                                       U.S. Court of International Trade

Date:_____
New York, New York